Dore, J.
(dissenting in part). In this record the accountants’ schedules are the only definite evidence of defendant’s income. But the accountants expressly stated that “The correctness of such data was not verified” by them but they accepted the facts that were presented to them by defendant. There is also no definite evidence of the plaintiff’s present financial condition or of the time and effort that will necessarily be involved in prosecution of this action. In that state of facts I advise that we should not determine any issue of temporary or interim alimony or counsel fee without a hearing before the Official Referee already appointed for that purpose. Accordingly, I dissent in part and vote to modify the order appealed from so as to hold in abeyance determination of the motion so far as it relates to additional interim alimony and counsel fee and to send all issues solely relating to counsel fees and alimony, temporary or interim, additional or otherwise, to the Referee to hear and report to Special Term;' but so far as the order denies the motion to punish defendant for contempt, deems the application one for increase of interim temporary alimony, adjudges that the interim temporary alimony granted by order of May 16, 1945, was fixed on the assumption that plaintiff and the children would continue to occupy the home in New Rochelle and directs deposit of the funds received in the foreclosure sale pending the disposition of the action, I vote to affirm.
Peck, P. J., Cohn, Callahan and Van Voorhis, JJ., concur in Per Curiam opinion; Dore, J., dissents in part in opinion.
Order, so far as appealed from, modified in accordance with the Per Curiam opinion herein. Settle order on two days’ notice. [See post, pp. 863, 865.]